The demurrer is sustained.

---

## THE ST. GOTHARD.

(District Court, E. D. New York. July 23, 1906.)

SHIPPING—INJURY TO STEVEDORE—LIABILITY OF VESSEL.

Where a vessel undertakes to furnish tackle for loading and discharging cargo, it is under duty to use reasonable care to provide such as will meet the requirements placed on it by the stevedores in conducting their work in the customary manner; and where stevedores who were discharging a cargo of sugar, with the knowledge of the vessel's officers, substituted for a wire fall provided at one hatch to hoist cargo from the hold a rope fall used at another hatch for a different purpose, which was of insufficient strength and broke when a sling caught under the hatch coaming, which was an expectable occurrence, the vessel is liable for an injury resulting to a stevedore working in the hold.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 335.]

In Admiralty. Suit for personal injury.

Ullo, Ruebsamen & Yuzzolino, for libelant.

Convers & Kirlin, for claimant.

THOMAS, District Judge. The vessel in its charter party agreed to furnish tackle for loading and discharging cargo. At each hatch a fall was provided to lift the cargo (bags of sugar) from the hold, and save at the spare bunker hatch there was another fall to carry out-board, and deposit it on the dock. All falls of the first class were made of wire, and all of the second class were made of rope. At the spare bunker hatch but one fall was used, and that was made of wire. The ship discharged a part of her cargo at Yonkers and then went to Arbuckle's dock in New York, where, after the work had begun, the stevedores not employed by the ship substituted the rope fall of No. 3 hatch for the wire fall at the spare bunker hatch, for the probable reason that the wire fall was, on account of greater length, more available at No. 3 hatch. The libelant, a longshoreman, employed by the Arbuckle Company, was in the hold under the spare bunker hatch making up the slings. As a sling containing five bags was rising, it caught under the coamings of the between deck hatch, and thereupon the rope broke, and the sling fell upon the libelant's knee, causing serious injury.

Some portion of the rope was produced in court on the trial, April 4, 1906, and, as it then appeared, was unfit for the purpose of a fall. The rope has been used somewhat since the accident which was October 9, 1905. No evidence of deterioration of the rope subsequent to the accident was given. As the first officer pronounced it at the time of the accident and at the date of the trial in suitable condition for use as a fall, it may be considered that the condition had not changed. The sling came in contact with the coaming; the winch continued to work, and the rope broke. Would a good rope have broken under such strain? The hatch was 14 feet athwartship, and 5 feet 6 inches fore and aft, and through this opening, in rapid discharge of cargo, the sling was taken. The collision with the coamings at times was expectable, and a fall was required that should withstand reasonably the shock of such contact. To meet this demand, the ship had provided and rigged wire falls, and the stevedores had for their own convenience substituted the rope, and it is claimed that this relieves the vessel. There would be great force in this contention did it not assume that the stevedores with the ship's knowledge were accustomed to change the falls. Hence it was the vessel's duty to use suitable care to furnish falls that would meet the duty that the stevedores would allot to them. Moreover in the present case the vessel knew that the change had been made, and upon the first mate speaking of it, as he testifies, the foreman of the stevedores said that the rope fall was sufficient. The foreman's alleged statement did not make the rope sufficient as regards the libelant. Both the stevedores' foreman and the ship's officer were negligent in allowing the rope to be used. The vessel consented to the substitution and in effect held the rope out as a proper one to protect reasonably the men in the hold, and the stevedores's ap-

proval or disapproval would only show his advice to the officer as to the sufficiency of the rope, and bear on the question of the vessel's negligence in allowing the rope to be used.

The libelant should have a decree for $3,000.